UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **REPORT, RECOMMENDATION AND ORDER** |
| v. | 19-CR-00087(LJV)(JJM) |
| | 20-CR-00069(LJV)(JJM) |
| LAVON PARKS and JAMES C. PARKS, | |
| Defendants. | |

_____

    On November 30, 2017, a vehicle with three occupants, including defendants Lavon and James C. Parks, was allegedly stopped by law enforcement in Tennessee, and as a result of that stop, three and a half kilograms of cocaine was seized from the vehicle. That alleged conduct gave rise to the Parks defendants being charged in Count 3 of the Superseding Indictment in 19-CR-00087(LJV)(JJM) ("2019 Superseding Indictment"), with possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B), and 18 U.S.C. §2. 19-CR-00087 [137].[1]

    In a May 1, 2020 Report, Recommendation and Order [252], I recommended that defendants' motions to dismiss that count of the Superseding Indictment on venue grounds be granted.[2] Thereafter, the government returned a one-count Indictment in 20-CR-00069 ("2020 Indictment") [10], which charges defendants with attempting to possess cocaine with intent to

---

[1]  Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

[2]  Thus far, no objections to the Report, Recommendation and Order have been filed. The deadline for "all objections" has been extended by District Judge Lawrence J. Vilardo to "21 days after" this Report, Recommendation and Order. 19-CR-0087 [289].

distribute, in violation of 21 U.S.C. §846, arising from the November 30, 2017 traffic stop, and the events that preceded it. 20-CR-00069 [1].

Before the court are the government's motions to join the 2019 Superseding Indictment with the 2020 Indictment (19-cr-0087 [280] and 20-cr-0069 [9]), as well as defendants' motions to dismiss the Indictment on venue grounds (20-CR-00069 [10, 12]), which have been referred to me by District Judge Vilardo for initial consideration. 19-CR-00087[10]; 20-CR-00069 [3]. Having reviewed the parties' submissions (19-CR-00087 [280-283, 285]; 20-CR-00069 [9, 10, 12, 15-17]) and heard oral argument on June 30, 2020, the government's motions are granted, and I recommend that defendants' motions be denied.[3]

## DISCUSSION

**A.     The Government's Motions for Joinder**

"[T]he decision to order two indictments tried together is one to be made in the district court's discretion", as guided by Fed. R. Civ. P. ("Rules") 8 and 13. United States v. Halper, 590 F.2d 422, 428 (2d Cir. 1978). "Rule 13 permits a judge to join indictments for trial if joinder would have been appropriate under Rule 8 had the charges been contained in a single indictment." United States v. Yian, 1995 WL 368445, *10 (S.D.N.Y. 1995). Pursuant to Rule 8(a), multiple offenses may be charged in a single indictment where they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan". See United States v. Pierce, 493 F. Supp. 2d 611, 622 (W.D.N.Y. 2006) ("[j]oinder of counts in an indictment is proper, pursuant to [Rule] 8(a), where

---

[3]     Motions for joinder are non-dispositive. *See, e.g.*, United States v. Nelson, 2009 WL 700597, *2 (D. Neb. 2009).

two or more persons' criminal acts are 'unified by some substantial identity of facts or participants' or 'arise out of a common plan or scheme' as in a conspiracy case", *quoting* United States v. Attanasio, 870 F.2d 809, 815 (2d Cir. 1989)).

The propriety of joinder of separate indictments is determined by "apply[ing] a commonsense rule to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to either or both of the defendants resulting from the joinder". United States v. Shellef, 507 F.3d 82, 98 (2d Cir. 2007). "For example, counts might be connected if one of the offenses depends upon or necessarily leads to the commission of the other, or if proof of one act constitutes or depends upon proof of the other." Id.

Apart from Count 3, the 2019 Superseding Indictment [137] charges the Parks defendants and others with a conspiracy to possess with intent to distribute cocaine, fentanyl and heroin between May 2017 and March 26, 2019, in violation of 21 U.S.C. §846. Id., Count 1. Defendant Lavon Parks is also charged with possessing cocaine on May 26, 2017 with intent to distribute, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B) (id., Count 2). In connection with the January 21, 2018 shooting death of Kevin Turner, both he and co-defendant James C. Parks are charged with discharging a firearm in furtherance of a drug trafficking crime and with discharging a firearm causing death, in violation of 18 U.S.C. §§924(c)(1)(A)(iii), 924(j)(1), and 2. Id., Counts 9 and 10.

As argued by the government, the homicide (2019 Superseding Indictment Counts 9 and 10), the possession (id., Count 2), and the attempted possession (2020 Indictment) occurred "[d]uring the course of conspiracy" alleged in Count 1 of the 2019 Superseding Indictment, and was related to narcotics distribution activity. Government's Motion for Joinder

[9], 2. [4]  For example, the government represents that the 2020 Indictment "is a substantive count representing a particular incident contained within the conspiracy charge in 19-CR-87". Id., p. 6. Thus, not only are the charges related, but the government's evidence "to prove the single-count Indictment 20-CR-69 is fully included in the more comprehensive body of evidence the government will use to prove the conspiracy charged in Count 1 of Superseding Indictment 19-CR-97". Id.  These representations, and the charges themselves, establish sufficient interrelationship between the indictments to permit joinder. *See* Yian, 1995 WL 368445 at *10 ("[s]ince the relationship between the various transactions is not an element of the offenses, I do not find that it is necessary that the relationship justifying joinder appear in the indictment").

Defendant James Parks also challenges the sufficiency of the charges in the 2019 Superseding Indictment as against him, arguing that he has "no connection" to either the homicide or the conspiracy.  Donohue Affirmation [10], ¶24. Although he is presumed innocent of the charges against him, a grand jury has found probable cause to charge him with those offenses, and at this stage, that is sufficient for me to conclude that joinder is appropriate.

Defendants further argue that they would be prejudiced by joinder, since much of the evidence that would be admissible in a trial of the 2019 Superseding Indictment would be inadmissible in a separate trial of the 2020 Indictment. Donohue Affirmation [10], ¶22.  In order to defeat the government's motion, defendants must establish "'*substantial* prejudice,' which requires more than simply a better chance of acquittal". United States v. Hines, 2018 WL 822217, *2 (W.D.N.Y. 2018) (*quoting* United States v. Potamitis, 739 F.2d 784, 790 (2d Cir. 1984) (emphasis added)).

---

[4]     Unless otherwise indicated, all docket entries refer to 20-CR-00069.

Defendants' claims "of prejudice do not rise to a level necessary to diminish the efficiency that a joint trial would allow". Id. Any prejudice from the joinder of the two indictments can be minimized by the use of jury instructions. *See* United States v. Blake, 195 F. Supp. 3d 605, 612 (S.D.N.Y. 2016) ("certain measures taken by a district court, 'such as limiting instructions, often will suffice' to prevent or diminish risk of substantial prejudice when offenses have been properly joined", *quoting* Zafiro v. United States, 506 U.S. 534, 539 (1993)); United States v. McManus, 2012 WL 3526669, *4 (S.D.N.Y. 2012) ("any prejudice to McManus arising from a joint trial of the four robberies can be adequately addressed with limiting instructions").

As the government notes, "neither defendant sought severance of Count 3 from Superseding Indictment 19-CR-87 at the pretrial motion stage". Government's Motion for Joinder [9], p. 7. Given the similarity between the possession charge of Count 3 of the 2019 Superseding Indictment and the attempted possession charge of the 2020 Indictment, defendants' failure to seek severance is difficult to reconcile with their current claims of prejudice from the joinder of the indictments.[5]

While the government's decision to return a separate indictment rather than a Second Superseding Indictment may be curious, Rule 13 expressly permits joinder of indictments, and thus "[t]he fact that there were two indictments . . . cannot be material to the propriety of joinder". United States v. Richards, 94 F. Supp. 2d 304, 311 (E.D.N.Y. 2000). Since

---

[5] For the first time in his reply and without a motion for that relief, defendant Lavon Parks requests severance of the drug and homicide counts. Lavon Parks' Reply [16], pp. 4-5. At oral argument his counsel acknowledged that this was done to preserve the issue, which would need to be raised by motion before the trial judge.

Also in the absence of a formal motion, defendant Lavon Parks requests leave to file additional motions because of the recent appointment of his new counsel. Lavon Parks' Response [12], p. 5. Without a formal motion and the benefit of the additional motions he seeks to file or an explanation as to why those motions could not have earlier been filed, it is premature for me to address the request. *See* Rule 12(c)(3).

the charges are sufficiently similar under Rule 8 and defendants have "not shown any indicia that a specific trial right would be denied by a joint trial, or that the jury would not be able to make a proper judgment about his guilt or innocence if the trials are consolidated, separation of the indictments is not warranted".  Hines, 2018 WL 822217, *2. Accordingly, the government's motions for joinder are granted.

**B.     Defendants' Motions to Dismiss the 2020 Indictment**

The 2020 Indictment [1] alleges that "[f]rom on or about November 17, 2017, until on or about November 30, 2017, the exact dates being unknown, in the Western District of New York, and elsewhere, the defendants . . . did knowingly, intentionally, and unlawfully attempt to possess with intent to distribute 500 grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of [21 U.S.C. §§] 841(a)(1) and 841(b)(1)(B)", all in violation of 21 U.S.C. §846.

In moving to dismiss the 2020 Indictment, defendants continue to argue, as they did in seeking dismissal of Count 3 of the 2019 Superseding Indictment, that since the possession did not occur in this District, venue here is improper. Donahue Affirmation [10], ¶¶12-19. They contend that "restyling the possession charge as 'attempt' does not save it from its venue shortcomings". Id., ¶14.

Those arguments are unpersuasive.  The determination of whether venue is proper hinges on the crime at issue, and the elements of the attempt charge here are distinct from the possession charge in Count 3 of the 2019 Superseding Indictment.  See United States v. Tzolov, 642 F.3d 314, 318 (2d Cir. 2011) ("[v]enue is proper only where the acts constituting the offense - the crime's 'essential conduct elements' - took place").

As I stated in my earlier Report, Recommendation and Order, the "essential conduct element" for a violation of 21 U.S.C. §841(a)(1) "is the *possession* of a controlled substance", and it is undisputed that "no part of the possession ever occurred in the Western District of New York". 19-CR-00087 [252], p. 4 (emphasis in original). By contrast, "an attempt is an inchoate crime. It does not require the completion of the underlying offense". United States v. Muhammad, 502 F.3d 646, 653 (7th Cir. 2007). Hence, "a criminal attempt can be completed long before the underlying criminal act. As soon as the defendant has the requisite intent and undertakes a substantial act in furtherance of the commission of the underlying criminal offense, the criminal attempt is completed." Id.

The government argues that the "'the mere allegation [in the Indictment] that an offense occurred in the Western District of New York and elsewhere' is 'sufficient to overcome a pretrial motion to dismiss'". Government's Consolidated Response [15], p. 2 (*quoting* United States v. Riley, 2014 WL 53440, *3 (S.D.N.Y. 2014)). Alternatively, the government proffers certain facts in support of venue, which it noted at oral argument was not a full recitation of the facts that it would seek to enter into evidence at trial to establish venue. Id., pp. 3-6.

Ordinarily, "where . . . the government has provided the Court with a 'full proffer' of the facts it intends to introduce at trial to establish venue, the Court may decide whether venue is proper before trial". United States v. Forrester, 2002 WL 1610940, *1 (S.D.N.Y. 2002). However, even viewing the government's limited proffer, it establishes that this District is a proper venue for the charge.

According to the government, a vehicle rented in this District by defendant James C. Parks in coordination co-defendant Lavon Parks was driven by them and co-defendant Wayne

E. Payne to Houston, Texas, where they obtained the cocaine.[6]  When the vehicle was stopped the next morning in Hickman County, Tennessee, all three occupants confirmed that they were from Niagara Falls, New York (within this District) and were returning home.  Government's Consolidated Response [15], pp. 4-5.

Collectively, these facts, if proven at trial, are sufficient to establish venue in this District. Under similar circumstances the court in Muhammad, supra, found that venue was proper in Wisconsin for the charge of attempted possession of cocaine with intent to distribute, where narcotics destined for that state were intercepted in Texas en route from Arizona.  There, "[t]he undertaking to bring that cocaine into Wisconsin began in Wisconsin when Mr. Muhammad recruited the assistance of [another] and made some purchases to use in the execution of the plan". 502 F.3d at 654.  In concluding that venue was proper, the Seventh Circuit focused on the defendant's intent for his criminal acts to reach Wisconsin:

> "Although the defendant's acts occurred in several states, they were aimed at only one state - Wisconsin. The alleged crime was the inchoate one of attempted possession with intent to distribute, and, at the time his plan was thwarted, Mr. Muhammad certainly had moved far beyond mere preparatory acts. Rather, he had constructive possession of the cocaine and had placed in motion a carefully constructed plan that was designed to place those drugs within the Eastern District of Wisconsin. Clearly, Mr. Muhammad intended that the effect of his actions was to be felt in that district." Id. at 655.

Likewise, here the government's proffer demonstrates that defendants' objective was to transport the cocaine to this District, and that they took at least one intentional act in furtherance of accomplishing that goal in this District by renting the transport vehicle.  The fact that defendants' plan was thwarted in Tennessee and the controlled substances never arrived at their intended destination, does not render this District, where all of their acts were targeted, an

---

[6]  Wayne E. Payne was charged in 19-CR-00087 as a co-defendant, but has since pled [221].

improper venue. *See* id. ("[h]ad it not been for the intervention of the [Texas] state trooper, [the defendant's] plan would have brought him and his cocaine to Wisconsin, ready for distribution").

Defendants' reliance on United States v. London, 148 Fed. Appx. 19 (2d Cir. 2005) (Summary Order) (Lavon Parks' Motion [12], p. 4) does not compel a different conclusion. There, the defendant was similarly charged in this District with attempted possession of heroin with intent to distribute, in violation of 21 U.S.C. §846, but he had succeeded in transporting a substance, which he believed to be heroin, into this District, where he attempted to sell it. Id. at *23. Not surprisingly, under those circumstances, the Second Circuit rejected the defendant's venue challenge, concluding that "his act of transporting the [substance] to [this District], and attempting to sell it . . . there, was plainly an intentional act in furtherance of the charged offense". Id.

London does not hold that venue for a charge of attempted possession with intent to distribute requires possession of the controlled substance or its attempted sale in the prosecuting district. In fact, it expressly recognized that venue is proper not only in a district where "'the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur'", but also in a district where "'it is foreseeable that such an act would occur'". Id. (*quoting* United States v. Svoboda, 347 F.3d 471, 483 (2d Cir. 2003)). In any event, pre-2007 summary orders, such as this, do not have precedential effect, and parties are generally prohibited from citing summary orders issued before January 1, 2007. *See* Second Circuit Local Rule 32.1.1(a), (b)(2). *See also* United States v. Hatfield, 795 F. Supp. 2d 219, 230 (E.D.N.Y. 2011) ("[t]his Court has never really understood the Second Circuit's refusal to let parties cite pre-2007 summary orders as even persuasive authority. But the Court must respect the Second Circuit's wishes").

Since the government has met its burden of establishing venue at the pretrial stage, I recommend that defendants' motions be denied, without prejudice to their right to challenge the adequacy of the venue evidence at trial. See United States v. Delgado, 2020 WL 2924482, *3 (D. Vt. 2020) ("[i]f the proof at trial fails to support venue in this district, defendant may move for a judgment of acquittal at the close of the government's case").

## CONCLUSION

For these reasons, the government's motions for joinder (19-cr-00087 [280] and 20-cr-00069 [9]) are granted. The Clerk of Court is directed to take all steps necessary to reflect that 19-CR-00087 and 20-CR-00069 are consolidated for trial. I also recommend that defendants' motions to dismiss (20-CR-00069 [10, 12]) be denied.

Unless otherwise ordered by District Judge Vilardo, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by July 29, 2020. Any requests for extension of this deadline must be made to District Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each

-10-

-11-

objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: July 15, 2020

                                              /s/Jeremiah J. McCarthy  
                                              JEREMIAH J. MCCARTHY  
                                              United States Magistrate Judge