UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

v.                                                      19-CR-87-LJV-JJM
                                                        DECISION & ORDER
LAVON PARKS and JAMES PARKS,

        Defendants.

_____


        The defendants, Lavon Parks ("Lavon") and James Parks ("James"),[1] both were

convicted after a jury trial of conspiring to possess with intent to distribute and to

distribute at least five kilograms of cocaine, at least 400 grams of fentanyl, and at least

100 grams of heroin; discharging a firearm in furtherance of a drug trafficking crime; and

discharging a firearm causing death.  Docket Item 1057.  Lavon also was convicted of

attempting to possess at least 500 grams of cocaine with intent to distribute it and

possessing a firearm in furtherance of a drug trafficking crime.  *Id.*  This Court

remanded both defendants following the verdict.  *See* Docket Item 1047.

        The defendants then moved for release pending sentencing.  Docket Items 1157

and 1158.  This Court denied the motions, explaining that the Court could not "in good

conscience find by clear and convincing evidence that either defendant [wa]s not a

danger or a flight risk following their convictions."  Docket Item 1170 at 3 (emphasis

omitted).  Moreover, the Court found that this was not "the type of case that Congress

_____

        [1] Because the defendants have the same last name, the Court will refer to them
by their first names solely for ease of reference.

intended to be the exception to the mandatory detention statute." *Id.* at 5 (citing 18 U.S.C. § 3145(c)).

On February 6, 2026, this Court sentenced Lavon and James to 30 years and 20 years of imprisonment, respectively. *See* Docket Items 1299 and 1300. The Court then entered judgment in both cases, Docket Items 1302 and 1304, and the defendants filed notices of appeal, Docket Items 1306 and 1309.

The defendants now ask this Court to grant them bail pending appeal. *See* Docket Item 1311. They also ask the Court to stay their commitment orders so they can stay in local custody and work with counsel on drafting their appeals. Docket Item 1307. The Court temporarily granted the motion to stay the commitment orders pending briefing on both motions.[2] *See* Docket Items 1308 and 1315.

For the reasons that follow, this Court again finds that the defendants have not demonstrated by clear and convincing evidence that they are not a danger or a flight risk, nor have they established that exceptional reasons warrant their release. Thus, their motion for bail pending appeal, Docket 1311, is denied. Because the Court denies that motion, its power is limited to recommending to the Attorney General that the defendants remain confined at Northeast Ohio Correctional Center ("NEOCC"); it cannot order a stay of the commitment orders. *See* Fed. R. Crim. P. 38(b)(2) ("If the defendant

---

[2] The Court initially issued a text order that incorrectly stated that the government had not opposed the defendants' request to stay their commitment orders. Docket Item 1314. The government had, however, included one sentence in its brief stating that "if the defendants are not released pending appeal, then the motion to stay their Commitment Orders must be denied." Docket Item 1312 at 7. Upon realizing its error, the Court withdrew its text order, ordered further briefing from the government, and stayed the commitment orders until further order of the Court to allow review of the briefing. *See* Docket Item 1315.

is not released pending appeal, the court may recommend to the Attorney General that the defendant be confined near the place of the trial or appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal."). The Court will, however, strongly make that recommendation.

## DISCUSSION

Section 3143 provides that a district court

shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). But defendants who have been convicted of offenses under the Controlled Substances Act with a maximum term of imprisonment of ten years or more—like Lavon and James—can be released only if the court finds "that there are exceptional reasons why [their] detention would not be appropriate." *Id.* § 3145(c); *see id.* § 3143(b)(2).

3

The parties spill significant ink on whether the defendants raise "substantial question[s] of law or fact" on appeal. *See generally* Docket Items 1307, 1312, and 1317. On that point, the Court agrees with the defendants that they and their able attorneys have preserved and will raise substantial legal issues on appeal. But that is not enough. To release the defendants, the Court also must find by clear and convincing evidence that they are not a danger or flight risk, 18 U.S.C. § 3143(b)(1)(A), and that exceptional reasons support release, *id.* § 3145(c). And for the reasons that follow, the Court cannot in good conscience make either finding.

## I.    BAIL PENDING APPEAL

### A.    Danger and Flight Risk

As noted above, this Court previously found that the defendants had not established by clear and convincing evidence that they that they were "not a danger or a flight risk following their convictions." Docket Item 1170 at 3. More specifically, the Court explained:

> With respect to Lavon Parks, this Court already found earlier in this case that he was a danger and a flight risk. *See* Docket Item 177 at 17-20. And although this Court ultimately released him on conditions before trial, *see* Docket Item 796, the reasons that this Court initially detained him have only been amplified by the guilty verdict.

> With respect to James Parks, the question is closer. He argues that "[a]ny risk of flight . . . is more than [offset] by the merits of the post[-]trial motions, his work history, his military service, his lack of criminal history, his ties to the community, and his conduct while on release for the four plus years this case was pending before trial." Docket Item 1167 at 3. Ultimately, however, this Court sees no clear and convincing evidence that James Parks is not a flight risk given the amount of time he is facing. Even if he hopes to overturn that conviction on appeal, that does not change the fact that the flight calculus is fundamentally different than it was prior to his conviction.

*Id.* at 3-4.

4

The only thing that has changed since the Court made that decision is that Lavon and James now have been sentenced to terms of imprisonment of 30 and 20 years, respectively.  *See* Docket Items 1299 and 1300.  And while that is less than the Guidelines term of life that they potentially were facing, *see* Docket Item 1170 at 2, it is still a substantial amount of time that creates a significant risk of flight.

Lavon and James argue—without citation to any authority—that "[d]efendants with meritorious appellate claims do not flee."  Docket Item 1317 at 12.  This Court disagrees.  Rather, there is ample motive for a defendant who is facing decades in prison and is released while the appeals court determines his fate to flee while the opportunity still is available.

For all those reasons, this Court finds that neither defendant has established by clear and convincing evidence that he is not a flight risk.[3]

## B.    Exceptional Reasons

Even if the Court found that Lavon and James were not a danger or a flight risk, however, that would not end the inquiry.  As explained above, to obtain release pending appeal, they must demonstrate "that there are exceptional reasons why [their] detention would not be appropriate."  18 U.S.C. § 3145(c).  And this Court previously found there were no such exceptional reasons in this case.  *See* Docket Item 1170 at 6.  Lavon and James argue, however, that since then, "[t]wo intervening Supreme Court decisions—*Barrett v. United States* and *Glossip v. Oklahoma*—bearing directly on the defendants' convictions and due process rights . . . constitute precisely the kind of extraordinary

---

[3] The Court therefore need not assess whether the defendants have demonstrated they would not pose a danger if released.

legal developments that Congress contemplated when it enacted the [section] 3145(c) escape valve." Docket Item 1317 at 1; *see Barrett*, 146 S. Ct. 482 (2026); *Glossip*, 604 U.S. 226 (2025). This Court disagrees.

Both *Barrett* and *Glossip* were decided before this Court entered judgment. And the defendants raised—and this Court carefully considered—their arguments about the application of those cases. *See* Docket Item 1237 at 39-42 (*Glossip*); Docket Items 1278, 1287, 1289, 1293, 1296, 1299, and 1300 (*Barrett*). To the extent the defendants disagree with this Court's analysis and conclusions, that is an issue they can raise on appeal; but it is not an exceptional reason warranting their release. *See* 18 U.S.C. §§ 3143(b), 3145(c) (requiring both "substantial question of law or fact" on appeal *and* "exceptional reasons why [defendant's] detention would not be appropriate").[4]

## II.    STAY OF COMMITMENT ORDERS

Rule 38 of the Federal Rules of Criminal Procedure provides that "[i]f the defendant is not released pending appeal, the court may recommend to the Attorney General that the defendant be confined near the place of the trial or appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal." Fed. R. Crim. P. 38(b)(2). The defendants appear to concede that if this Court denies their motion for bail pending appeal, it only can recommend that the Attorney General

---

[4] That is not to say that a significant legal issue on appeal could *never* constitute an exceptional reason warranting release. It is possible, for example, that a change in binding precedent that occurred after the district court entered judgment might constitute an exceptional circumstance. But the issues the defendants raise here— which this Court considered carefully in deciding the defendants' post-trial motions and in determining their sentences—do not warrant release.

continue to house them locally.[5]  *See* Docket Item 1318 at 5 (explaining that "[i]f bail pending appeal is denied, the Rule permits a judicial *recommendation* that the Parks defendants stay at NEOCC, a location near the place of trial" (emphasis added)).

This Court agrees with the defendants that such a recommendation is appropriate to ensure that they can "continue effectively working with appellate counsel" and "avoid[] . . . being separated while they continue to share resources . . . and to coordinate their efforts to perfect their appeals."  *See id.* at 6, 10.  As the defendants observe, they both "have been involved in their own defense to an uncommon degree."  Docket Item 1307 at 2.  They "intend to assist in drafting their appellate briefs" and "have engaged with counsel multiple times per week to review their own independent research, request transcripts, discuss legal arguments[,] and provide outlines or summaries of relevant cases."  *Id.*  Thus, the Court will recommend strongly that they remain at NEOCC while perfecting their appeals.

## CONCLUSION

For all those reasons, this Court DENIES the defendants' motions for bail pending appeal, Docket Item 1311.  The Court lifts its temporary stay of the commitment orders, *see* Docket Item 1315, but it strongly recommends to the Attorney General that the defendants remain at NEOCC until their appeals are perfected so that they can assist in preparing the appeals.

---

[5] The Court agrees with the defendants, *see* Docket Item 1318 at 3-5, that the standard for a stay cited by the government, *see* Docket Item 1316 at 1-2 (citing *Nken v. Holder*, 556 U.S. 418 (2009)), is not applicable here.

SO ORDERED.


Dated:   March 18, 2026
         Buffalo, New York


                                    **/s/ Lawrence J. Vilardo**
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE